NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

NICHOLAS S., *Appellant*,

*v.*

ARIZONA DEPARTMENT OF ECONOMIC SECURITY, E.S., S.M.,
*Appellees.*

No. 1 CA-JV 13-0283
FILED 05/22/2014

Appeal from the Superior Court in Navajo County
No. S0900JD201100015
The Honorable Michala M. Ruechel, Judge

**AFFIRMED**

COUNSEL

John A. Banker, Attorney at Law, Taylor
By John A. Banker
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Michael F. Valenzuela
*Counsel for Appellee Arizona Department of Economic Security*

## MEMORANDUM DECISION

Presiding Judge Patricia K. Norris delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Kent E. Cattani joined.

**N O R R I S**, Judge:

¶1 Nicholas S. ("Father") appeals from the superior court's order terminating his parental rights to his daughter, E.S. On appeal, he argues the superior court should not have found he failed to appear at the initial severance hearing without good cause. He also argues the Arizona Department of Economic Security ("ADES") failed to notify him promptly of reunification services and failed to present sufficient evidence that he had abandoned E.S. and that termination was in E.S.'s best interests. For the reasons discussed below, we disagree with Father's arguments and affirm the superior court's order.

## FACTS AND PROCEDURAL BACKGROUND

¶2 E.S. was born in March 2004 to Sarah M. Although Father acknowledged paternity, he did not maintain regular contact with E.S. after her birth. Father joined the military in 2008. On March 11, 2011, ADES took E.S. and her sibling[1] into custody because Sarah M. was unable to provide the children with a suitable living arrangement. ADES placed the children with their maternal grandmother. On March 16, 2011, ADES filed a dependency petition, alleging Father had neglected E.S. by abandoning her. At that time, Father was stationed in Iraq.

¶3 On May 17, 2011, at the initial dependency hearing, Father's counsel accepted service of the operative dependency petition and, as reflected in the minute entry from the hearing, asked the superior court to find Father in "default" for failing to appear. The court did so, noting Father was in the military and deployed overseas. The court then found E.S. dependent as to Father.

---

[1]Father was not the sibling's father.

¶4 Father returned to the United States from Iraq in May 2011. On January 7, 2013, ADES moved to terminate Father's parental rights under Arizona Revised Statutes ("A.R.S.") section 8-533(B)(1) (2014) (abandonment).[2] At the initial termination hearing, Father's counsel informed the court Father would not be contesting termination. The court found Father had been properly served with the motion to terminate through counsel, had notice of the hearing, and had failed to appear. The court thus "deemed [him] to have admitted the allegations set forth in the [termination motion]" and scheduled a subsequent termination hearing to allow ADES to present evidence in support of its motion.

¶5 On April 8, 2013, Father moved to vacate the superior court's May 17, 2011 entry of "default" for failing to appear at the initial dependency hearing, citing the Servicemembers Civil Relief Act ("SCRA"). *See* 50 U.S.C.A. app. §§ 501 to 597b (West, Westlaw through P.L. 113-92 (excluding P.L. 113-79 and 113-89)). The superior court denied the motion.

¶6 At the subsequent termination hearing, ADES presented evidence Father had failed to provide reasonable support for and to maintain regular contact with E.S. for a period exceeding six months. *See* A.R.S. § 8-531(1) (2014). Over ADES's objection, the court allowed Father to testify telephonically and to present witnesses, including witnesses who addressed E.S.'s best interests. *See* A.R.S. § 8-533(B) (2014). The court found ADES had proven Father had abandoned E.S. and termination was in E.S.'s best interests, and it terminated Father's parental rights.

---

[2]Although the Arizona Legislature amended statutes cited in this decision after ADES filed the dependency petition, the revisions are immaterial to the resolution of this appeal. Thus, we cite to the current version of these statutes.

## DISCUSSION

I.      Father's Failure to Appear

¶7          Father first argues the superior court should not have found he waived his rights[3] and thereby admitted the allegations in the motion to terminate by failing to appear at the initial termination hearing. Father asserts he was deprived of an opportunity to testify "on the issue of abandonment" and argues the superior court should have stayed the termination proceedings sua sponte pursuant to § 522 of the SCRA or, alternatively, should have granted his motion to vacate the entry of "default." We disagree.

¶8          We note, first, that Father's argument is premised on a misunderstanding of the proceedings in this case. As discussed, *supra* ¶ 5, Father moved to vacate the "default" for failing to appear at the initial *dependency* hearing; he did not move to vacate the superior court's finding he had waived his rights by failing to appear at the initial *termination* hearing. Father did not appeal the dependency ruling, even though that ruling was separately appealable. *See Lindsey M. v. Ariz. Dep't of Econ. Sec.*, 212 Ariz. 43, 45, ¶ 5, 127 P.3d 59, 61 (App. 2006). Thus, Father's argument that the superior court should have granted his motion to vacate the entry of "default" is not properly before us. We nevertheless address Father's argument the superior court should have stayed the termination proceedings sua sponte pursuant to § 522 of the SCRA. *See Kenneth B. v. Tina B.*, 226 Ariz. 33, 36, ¶ 12, 243 P.3d 636, 639 (App. 2010) (appellate court reviews issues of law de novo).

¶9          Section 522 of the SCRA applies to "any civil action or proceeding" if the defendant is in military service or within 90 days of termination or release from service and has received notice of the proceeding.   50 U.S.C.A. app. § 522(a).   The section entitles a servicemember to a stay of the proceeding upon a showing that, *inter alia*, the servicemember's military duties "materially affect the servicemember's ability to appear."  50 U.S.C.A. app. § 522(b)(1), (2).

---

[3]Although Father makes this argument in terms of an entry of "default," in *Christy A. v. Arizona Department of Economic Security*, 217 Ariz. 299, 306, ¶ 24, 173 P.3d 463, 470 (App. 2007), we explained that a "finding of waiver of rights" is the "more proper[]" terminology.

¶10 Because Father was in the military during the pendency of the termination proceedings and had received notice of the proceedings, § 522 was applicable. Father, however, never applied for a stay, and the superior court was not required to grant one sua sponte. *See* 50 U.S.C.A. app. § 522(b)(1) ("[T]he court *may* on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days . . . ." (emphasis added)).

¶11 In addition, the record does not reflect Father's military duties materially affected his ability to appear during the pendency of this case. Although Father did not appear at the initial termination hearing, his counsel advised the court he was not going to contest termination of his parental rights. Further, the record contains no evidence Father's military duties prevented him from appearing at the initial severance hearing, and, indeed, he appeared telephonically at later hearings.

¶12 For these reasons, we reject Father's argument the superior court should have stayed the termination proceedings sua sponte pursuant to § 522 of the SCRA.

II.    Notification of Reunification Services

¶13 Next, Father argues ADES was required to notify him promptly of available reunification services. ADES, however, has no duty to notify a parent of available reunification services before seeking termination of parental rights when, as here, there is no parent-child relationship and the statutory ground for termination is abandonment. *Toni W. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 61, 66, ¶ 15, 993 P.2d 462, 467 (App. 1999). Moreover, although not required, ADES attempted to contact Father on numerous occasions by letter, phone, and email regarding the availability of reunification services before moving to terminate his parental rights. Yet, Father never responded to these efforts.

III.     Sufficiency of the Evidence[4]

A.     Abandonment

¶14     Next, Father argues ADES failed to present sufficient evidence he had abandoned E.S.  He asserts in particular that his failure to establish a normal parental relationship with her was with legal justification -- his military service.  We disagree.

¶15     ADES must show, by clear and convincing evidence, that Father abandoned E.S.  A.R.S. § 8-537(B) (2014); Ariz. R.P. Juv. Ct. 66(c).  "[A]bandonment is measured not by a parent's subjective intent, but by the parent's conduct: [A.R.S. § 8-531(1)] asks whether a parent has provided reasonable support, maintained regular contact, made more than minimal efforts to support and communicate with the child, and maintained a normal parental relationship."  *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249-50, ¶ 18, 995 P.2d 682, 685-86 (2000).  "Failure to maintain a normal parental relationship with the child without just cause for a period of six months constitutes prima facie evidence of abandonment."  A.R.S. § 8-531(1).

¶16     Here, ADES presented overwhelming evidence Father abandoned E.S. without legal justification.  Although Father was deployed when ADES took E.S. into custody, he returned to the United States in May 2011.   He thereafter made no effort to establish a parental relationship with E.S. and did not provide E.S. with any financial support or medical, dental, or educational benefits which were available to E.S. because of Father's military service.   An ADES unit supervisor also testified Father had not sent E.S. any gifts, cards, letters, photographs of himself, or clothing since at least March 2011.  Moreover, E.S. did not know Father was her father.  Furthermore, Father failed to appear at the initial termination hearing and thus admitted the motion's allegations that he had failed to provide E.S. with reasonable support and appropriate parental supervision.  *See* A.R.S. § 8-863 (2014).

---

[4]We review the superior court's decision to terminate parental rights for an abuse of discretion and will not disturb its findings unless they are clearly erroneous with no reasonable evidence to support them. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8, 83 P.3d 43, 47 (App. 2004).

¶17      Given this evidence, the superior court did not abuse its discretion in finding ADES had presented sufficient evidence that Father had abandoned E.S.

B.      Best Interests

¶18      Finally, Father argues ADES failed to present sufficient evidence that termination of his parental rights was in E.S.'s best interests. *See* Ariz. R.P. Juv. Ct. 66(c).  Specifically, Father argues termination of his parental rights would jeopardize the relationships E.S. has established with her paternal grandparents and half-siblings.[5]  We disagree with this argument as well.

¶19      ADES presented evidence that E.S.'s maternal grandmother, who had expressed an interest in adopting E.S., both allowed and encouraged E.S. to visit her paternal grandparents on a regular basis and had no intention of discontinuing those visits.  The superior court found that although "[t]he *potential* loss of the relationship between [E.S.] and her paternal grandparents is very troubling[,] . . . the Court cannot find that it outweighs the need [for E.S.] to have the stability, security and permanence that an adoption would provide."  The court also found that the military benefits Father could provide did not "make up for the permanence [lost by E.S.] by being a ward of the Court for years" and would not provide her with the "safety and security of having a permanent and stable home that adoption would provide."  Given this evidence, the superior court did not abuse its discretion in finding termination of Father's parental rights was in E.S.'s best interests.

---

[5]The record reflects E.S. had only met her half-siblings once, over the July 4, 2013 holiday weekend.

**CONCLUSION**

**¶20** For the foregoing reasons, we affirm the superior court's order terminating Father's parental rights to E.S.



Ruth A. Willingham · Clerk of the Court
FILED: gsh